IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LARRY EUGENE LINGENFELTER,**

**Petitioner,**

v.  CRIMINAL ACTION NO. 2:10-cr-153

**UNITED STATES OF AMERICA,**

**Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is a Motion submitted pursuant to Title 28, United States Code, Section, 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody ("§ 2255 Petition"), filed by *pro se* litigant Larry Eugene Lingenfelter ("Petitioner"). For the reasons set forth below, Petitioner's § 2255 Petition is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 22, 2010, a federal grand jury returned a Criminal Indictment charging Petitioner with three counts. ECF No. 30. Count One charged Petitioner with Conspiracy to Commit Murder for Hire, in violation of 18 U.S.C. § 1958(a). *Id.* Counts Two and Three each charged Petitioner with Murder for Hire, in violation of 18 U.S.C. §§ 1958(a) and 2. *Id.*

On February 1, 2011, following a six-day trial, a jury convicted Petitioner of all three counts. ECF No. 80. On May 18, 2011, Petitioner was sentenced to a consecutive 110-month imprisonment sentence on each of the three counts, resulting in a total sentence of 330 months imprisonment. ECF No. 93. Petitioner appealed on May 31, 2011. ECF No. 94. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the conviction on April 2, 2012. ECF No. 111.

On October 31, 2014, Petitioner, acting *pro se*, filed the instant § 2255 Petition. ECF No. 125. In his § 2255 Petition, Petitioner raised two grounds for relief, both relating to ineffective assistance of

1

counsel. He alleges he received constitutionally ineffective assistance of counsel because: (1) his attorney failed to communicate the government's second plea offer; and (2) counsel failed to adequately investigate his case and present substantial evidence in mitigation of guilt at trial and on appeal. *Id.* On August 5, 2016, this Court dismissed Petitioner's § 2255 Petition on procedural grounds. ECF No. 138.

Petitioner, through counsel, appealed on September 30, 2016. ECF No. 142. On April 20, 2017, the Fourth Circuit granted a certificate of appealability on the issue of "whether Lingenfelter was deprived of the effective assistance of counsel through his counsel's alleged failure to apprise him of a plea offer . . . ." ECF No. 148 at 3. The Fourth Circuit denied a certification of appealability on Petitioner's second allegation (i.e., "the assertion of ineffective assistance based on counsel's decision not to introduce certain evidence at trial."). *Id.* at 4. The Fourth Circuit vacated this Court's dismissal order and remanded for further proceedings. *Id.*

In light of the Fourth Circuit's ruling, this Court ordered Petitioner's former counsel and the United States Attorney to respond to Petitioner's § 2255 Petition. ECF No. 150. On June 9, 2017, Petitioner's former counsel filed affidavits. ECF No. 151. On June 13, 2017, the United States Attorney filed a response. ECF No. 153. On June 16, 2017, Petitioner, through counsel, filed a reply. ECF No. 154. Finally, on October 19, 2017, the Court held an evidentiary hearing. ECF No. 157.

## II. LEGAL STANDARDS

### A. Section 2255 Generally

Section 2255 of Title 28 of the United States Code provides prisoners in federal custody a means of collateral attack against their sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). It is within the discretion of the district court to deny § 2255 motions without a hearing. *Raines v. United States*, 423 F.2d 526, 529-31 (4th Cir. 1970). When deciding a § 2255 motion,

the court must grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," *id.* § 2255(b); however, the petitioner bears the burden of proving his claim by a preponderance of the evidence, *see Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to a more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

### B. Ineffective Assistance of Counsel

A viable claim alleging the ineffective assistance of counsel arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings. *Id.* at 687.

First, a petitioner must show that counsel's performance was deficient. *Id.* In other words, counsel's errors must have been so serious that he or she was not actually functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

3

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The Sixth Amendment right to counsel applies at all critical stages of the criminal process, including during the plea bargain process. *Missouri v. Frye*, 566 U.S. 133, 143 (2012). In the case of a petitioner claiming the ineffective assistance of counsel during the plea bargain process, a petitioner can meet the first requirement of the *Strickland* test by showing that defense counsel failed to inform him of a plea offer from the prosecution. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. . . . When defense counsel allow[s] the offer to expire without advising the defendant or allowing him to consider it, defense counsel [does] not render the effective assistance the Constitution requires." *Id.* at 145.

In the case of a petitioner claiming the ineffective assistance of counsel during the plea bargain process, the second requirement of the *Strickland* test demands that the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### III. DISCUSSION

Petitioner's only remaining claim of the ineffective assistance of counsel stems from his counsel's alleged failure to inform him of a second plea offer from the government. ECF No. 125 at 4. Attorney Andrew M. Sacks ("Mr. Sacks") and Attorney Michael D. Kmetz ("Mr. Kmetz") represented

4

Petitioner following his initial appearance and through trial. *See* ECF Nos. 10, 20.

A. Petitioner's Allegations

Petitioner alleges, in the first week of January 2011, Mr. Sacks called and informed him that the government had made an initial plea offer. ECF No. 128 at 3. This plea offer would require Petitioner to plead guilty to two counts, which would have resulted in a statutory maximum imprisonment term of twenty years and a sentencing guidelines range of 188-235 months. *Id.* Petitioner alleges that he rejected that initial offer and asked Mr. Sacks to make a counter-offer to the government whereby Petitioner would plead guilty to one count, which would have resulted in a statutory maximum imprisonment term of ten years. *Id.*

Petitioner alleges that he was thereafter informed that the government had rejected this counter-offer. *Id.* at 3-4. Petitioner alleges that he asked Mr. Sacks over the phone if the government would be willing to make a better offer than the one it had initially made. *Id.* at 4. Petitioner alleges that Mr. Sacks told him that he would inform the government that they were seeking a better deal. *Id.*

According to Petitioner, the government made a second offer to Mr. Sacks, but Mr. Sacks failed to inform Petitioner of that second offer. *Id.* The government's second offer would again require Petitioner to plead guilty to two counts. ECF No. 128-2, Ex. B. In contrast to the first offer, the government would no longer be moving the Court to reduce Petitioner's offense level by one point for acceptance of responsibility under U.S.S.G. § 3E1.1(b).[1] *Id.* However, the government would be recommending to the court that a two-level leadership enhancement not be imposed. *Id.* This would result in a sentencing guidelines range of 168-210 months. *Id.* The government would also be recommending to the Court that Petitioner's sentence be capped at 180 months. ECF No. 128 at 5.

Petitioner alleges that he did not become aware of the government's second offer until he received discovery material following the Fourth Circuit's decision denying his appeal in April 2012. *Id.* at 5. Petitioner states, "[h]ad counsel informed Mr. Lingenfelter of the latter plea offer, that is, a plea offer with a range of 168-210 months, being capped at 180 months, Mr. Lingenfelter would have accepted

---

[1] The calculation would assume a 2-level reduction for Acceptance of Responsibility.

5

the plea offer, knowing that the government had met him half-way in negotiation." *Id.* at 9-10. This is the core of Petitioner's § 2255 Petition.

**B. Mr. Sacks' Affidavit**

Mr. Sacks, in his affidavit, agrees that the prosecution made two pre-trial plea offers in this case. *See* ECF No. 151 at 1. He also agrees with Petitioner's description of the details of both offers. *Id.* at 2. Mr. Sacks states that he discussed the first offer with Petitioner and explained that the low end of the guidelines range (i.e., 188 months, or 15 years and 8 months) was likely "the best sentence he could reasonably expect" under that offer. *Id.* Mr. Sacks states that Petitioner advised him that "under no circumstances would he plead guilty to any plea agreement that would result in a likely sentence of approximately 15 years or anything near 15 years." *Id.*

Mr. Sacks agrees that the low end of the guidelines range under the second offer was 168 months, or 14 years. *Id.* Mr. Sacks states that this was a "negligible improvement" on the first offer and, therefore, "clearly fell outside the scope of any proposed plea offer that defendant had indicated he would consider." *Id.* Mr. Sacks further states:

> [S]ince the defendant had already indicated that he would not consider any plea offer similar to what Offer Number Two contemplated, I determined that the defendant had effectively already rejected such modified proposal; that there was no reasonable possibility, much less probability, that defendant would accept such proposal; and that it was not necessary to present Offer Number Two to the defendant since he had already in effect communicated his rejection of any such or similar offer previously.

*Id.* at 3.

**C. Mr. Kmetz's Affidavit**

Mr. Kmetz, in his affidavit, agrees that the prosecution made two pre-trial plea offers in this case. *See* ECF No. 151-1, Ex. 1 at 1. Mr. Kmetz also agrees that the second plea offer included the prosecution's offer to recommend a cap of 180 months for Petitioner's sentence. *Id.* Mr. Kmetz states:

> Not knowing whether Mr. Sacks communicated this second offer to the defendant, I specifically remember speaking with Mr. Lingenfelter concerning the second offer. Since the defendant had advised both of his counsel after the first offer that he was not going to agree to a plea for that amount of time, I still felt that I had an obligation to advise him of the second plea offer. The defendant would not agree to accept that offer as it was too long a period of incarceration.

6

*Id.*

**D. Evidentiary Hearing**

On October 19, 2017, the Court held an evidentiary hearing in accordance with 28 U.S.C. § 2255 which states, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Fourth Circuit has stated, "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive . . . ." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970) (emphasis added). However, when a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. *See United States v. Magini*, 973 F.2d 261, 264 (4th Cir.1992); *Raines*, 423 F.2d at 530 ("There will remain ... a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court.").

At the evidentiary hearing, the Court heard sworn testimony from Petitioner, Mr. Kmetz, and Mr. Sacks. Mr. Kmetz testified that he specifically spoke with Petitioner regarding the second plea offer. *See* Evidentiary Hr'g Tr. at 50-51. The Court finds Mr. Kmetz's testimony credible. This conclusion is further supported by Mr. Kmetz's affidavit that attests, "I specifically remember speaking with Mr. Lingenfelter concerning the second offer. The defendant would not agree to accept that offer as it was too long a period of incarceration." ECF No. 151-1, Ex. 1 at 1. Moreover, the Court finds Mr. Kmetz's testimony is consistent with Mr. Sack's testimony regarding the second plea offer.

Mr. Sacks testified that Petitioner rejected the first plea offer and advised that he would not agree to any plea agreement that would likely result in a sentence of approximately 15 years or anything near 15 years. *See* Evidentiary Hr'g Tr. at 67-68. Accordingly, when the second offer was made, which included a cap of 180 month (15 years) and a low end predicted Advisory Guidelines range of 168 months (14 years), Mr. Sacks reasoned that he did not need to inform Petitioner because he had previously indicated that he would not take any plea agreement that offered a sentence "anywhere near 15 years." *See id.* at 68-

69; ECF No. 151 at 2-3. Such testimony is consistent with Mr. Kmetz's testimony and affidavit that he informed Petitioner of the second offer to which Petitioner rejected because "it was too long a period of incarceration." *See* ECF No. 151-1, Ex. 1 at 1. Because the Court finds the testimonies of Mr. Kmetz and Mr. Sacks credible, Petitioner fails to meet his burden to demonstrate that counsel failed to inform Petitioner of a second plea offer from the government and therefore Petitioner does not satisfy the first prong of ineffective assistance of counsel under *Strickland*. *See Strickland*, 466 U.S. at 700 (holding that the failure of a litigant to meet either component of the test defeats an infective assistance of counsel claim and the court need not address both components if the litigant makes an insufficient showing on one prong).

In a final effort to support his argument, Petitioner suggests that even if Petitioner was informed of the second plea offer, because lead counsel, Mr. Sacks, was not present, there was ineffective assistance of counsel. *See* Evidentiary Hr'g Tr. at 79-81. This argument is meritless. First, Mr. Sack's affidavit states that though "Mr. Kmetz was not lead counsel in no way limited his authority to communicate directly with the defendant as needed and as determined by Mr. Kmetz and the defendant, and Mr. Kmetz had full authority, as previously delegated by both me and the defendant, to discuss any case-related matters with the defendant at any time, including plea offers, even if I were not personally present." ECF No. 151 at 4; *see also* Evidentiary Hr'g Tr. at 73 (Mr. Sacks testifying that there was no understanding in the representation of Petitioner that required Petitioner and both attorneys to be present at the same time). Moreover, the Court is further persuaded by Mr. Kmetz's longstanding professional and personal relationship with Petitioner. Mr. Kmetz has worked with Petitioner as counsel for a number of years on a variety of matters that included both civil, criminal, and military related cases. *See* Evidentiary Hr'g Tr. at 19-20. Further, Petitioner and Mr. Kmetz maintain a personal relationship. *Id.* As such, the Court finds that Mr. Kmetz was fully competent and capable of communicating the second plea offer to Petitioner without the presence of Mr. Sacks and that Petitioner was content with such communication. Accordingly, Petitioner's claim of ineffective assistance of counsel fails.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 21, 2017

Raymond A. Jackson
United States District Judge